UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DIANNE ROBERTSON, ET AL.                         CIVIL ACTION

VERSUS                                            NO. 15-1951

CITY OF THIBODAUX, ET AL.                        SECTION A(1)

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Party (Rec. Doc. 8)** filed by Defendant Eddie Rodrigue and a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)** filed by Defendants Eddie Rodrigue, Scott Silverii, and the City of Thibodaux. Plaintiffs oppose the motions. The motions, set for submission on November 18, 2015, are before the Court on the briefs without oral argument. For the reasons that follow, the motions are **GRANTED.**

**I.    Motion to Dismiss Party (Rec. Doc. 8)**

Defendant Rodrigue moves to dismiss the claims against him pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Rodrigue asserts that service of process was insufficient because Captain Gravalles was not authorized to accept service of process on his behalf for claims against him in his individual capacity.

A motion to dismiss pursuant to Rule 12(b)(5), turns on the legal sufficiency of the service of process. When an objection to service is made, the party making service has the burden of demonstrating its validity. *Holly v. Metro. Transit Authority*, 213 Fed. App'x 343 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the plaintiff fails to establish the validity of service, Rule 12(b)(5) allows for dismissal of the action.

1

Rule 4 of the Federal Rules provides for service of process by doing any of the following: (1) delivering a copy of the summons and complaint to defendant personally, (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides therein, or (3) delivering a copy of the summons and complaint to an authorized agent. Rule 4(e)(2), Fed.R.Civ.P.

Defendant Rodrigue asserts that Plaintiffs served him via Captain Gravalles, who Plaintiff averred is "designated by law to accept service of process on behalf of Lafourche Parish Sheriff's Dept." As Rodrigue argues, however, he is being sued in his individual capacity, which means service must comply with Rule 4. Because the summons and complaint were not delivered to Rodrigue personally, nor left at his dwelling or usual place of abode, and because there is no evidence that Captain Gravalles is Rodrigue's authorized agent, the claims against Rodrigue in his individual capacity are dismissed. Plaintiffs had the burden of establishing the validity of service, and they have failed to do so.

## II.   Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)

### a. Official-capacity claims

Defendants move to dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendants argue that the claims against Scott Silverii and Eddie Rodrigue in their official capacities are tantamount to claims against the City, and such claims have certain pleading requirements that Plaintiffs have not met.

The Fifth Circuit has held that a § 1983 action brought against a chief of police in his official capacity is tantamount to a suit against the city. *Sanders v. English*, 950 F.2d 1152, 1159 n.13 (5th Cir. 1992). Similarly, an official-capacity action against a government officer is to be treated as a suit against the entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S.

159, 165-66 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55)). A city can only be liable on account of unconstitutional conduct by such officials if the city's policy or custom played a part in the violation. *Id.* at 166 (citing *Monnell*); *Sanders*, 950 F.2d at 1159 n. 13. The plaintiff will have to prove that "the policy or custom in question was adopted with 'deliberate indifference' and that there was 'a direct causal link between the municipal action and the deprivation of federal rights.'" *Matthews v. Bowie County, Tex.*, 600 Fed. App'x 933, 934 (5th Cir. 2015) (quoting *In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002)). If a complaint does not allege an unconstitutional custom or policy that was adopted with deliberate indifference, it fails to state a claim under § 1983. *See id.* The Fifth Circuit has held that allegations of an isolated incident are insufficient to meet these pleading requirements. *See id.* (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

The claims against Silverii and Rodrigue in their official capacities are tantamount to suits against the City of Thibodaux. Plaintiffs fail to allege a policy or custom, so the Court assumes that the sparse facts given in the complaint are allegations of an isolated incident. Such allegations are insufficient to state § 1983 claims against Silverii, Rodrigue, and the City of Thibodaux.

    b. *Individual-capacity claims*

Silverii and Rodrigue assert that the individual-capacity claims against them should be dismissed because Plaintiffs do not meet the heightened pleading standards as required to overcome a qualified immunity defense.

"Qualified immunity cloaks a police officer from liability if a reasonably competent law enforcement agent would not have known that his actions violated clearly established law." *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990). "A constitutional right must be implicated, and 'the contours of the right must be sufficiently clear that a reasonable official would understand that

3

what [he is] doing violates that right.'" *Id.* (footnote omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"One of the principal purposes of the qualified immunity doctrine is to shield officers not only from liability, but also from defending against a lawsuit." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 620 (5th Cir. 1992) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1057 (5th Cir.1992)). The Fifth Circuit has held that "questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." *Id.* (citing *James*, 909 F.2d at 838). This circuit therefore requires that § 1983 plaintiffs meet heightened pleading requirements in cases in which an immunity defense can be raised. *Id.*

To meet these heightened requirements, a plaintiff must assert more than "conclusory allegations and bold assertions." *Id.* (quoting *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990)). To defeat a qualified immunity defense, a plaintiff must assert specific facts. *See id.* For example, if a plaintiff brings an excessive force claim, relevant facts to be included in the complaint may include whether the officers had a warrant, whether the plaintiff resisted arrest, and whether exigent circumstances existed. *Id.* Such facts enable a court to determine whether an officer's conduct was reasonable in light of clearly established law. *See id.* at 621.

Plaintiffs' complaint here included very few facts, and they were insufficient to meet the heightened pleading standards required to overcome a qualified immunity defense.

      c. *State law claims*

Defendants argue that Louisiana statutory law grants the City, Silverii, and Rodrigue immunity from tort liability. Defendants therefore assert that, regarding the state law claims asserted by Plaintiffs, Plaintiffs have failed to state a claim for which relief can be granted.

The Court declines to rule on this argument. Having dismissed all claims against the Defendants in their official and individual capacities, this issue is moot.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Party (Rec. Doc. 8)** is **GRANTED** and therefore the claims against Defendant Rodrigue in his individual capacity are dismissed;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)** is **GRANTED** insofar as it regards the claims against Defendants Silverii and Rodrigue in their official capacities and the claims against the City of Thibodaux;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)** is **GRANTED** insofar as it regards individual-capacity claims against Defendants;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 9)** is **DENIED** as moot insofar as it regards the state law claims asserted by Plaintiffs.

November 30, 2015

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE